**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ZAKIR SHAKIR, aka Saifuddin Adamali Suterwala; et al., <br><br> Petitioners, <br><br> v. <br><br> ERIC H. HOLDER Jr., Attorney General, <br><br> Respondent. | No. 07-71964 <br><br> Agency Nos. A076-456-441 <br> A077-429-219 <br> A077-429-221 <br> A077-429-222 <br><br> MEMORANDUM [*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 16, 2010 [**]

Before: FERNANDEZ, GOULD, and M. SMITH, Circuit Judges.

Zakir Shakir, his wife, and two children, natives and citizens of Pakistan,

petition for review of the Board of Immigration Appeals' ("BIA") order dismissing

their appeal from an immigration judge's ("IJ") decision denying their application

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

JK/Research

for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT").  Our jurisdiction is governed by 8 U.S.C. § 1252.  We review for substantial evidence, *Kaur v. Gonzales*, 418 F.3d 1061, 1064 (9th Cir. 2005), and we deny in part and dismiss in part the petition for review.

In their opening brief, petitioners do not challenge the agency's adverse credibility determination, which is dispositive of their asylum and withholding of removal claims.  *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996) (issues not specifically raised and argued in an opening brief are waived).  Accordingly, we deny the petition as to these claims.  *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

We reject petitioners' contention that the BIA improperly analyzed their CAT claim.  *See Kamalthas v. INS*, 251 F.3d 1279, 1282-84 (9th Cir. 2001).  Because petitioners do not point to any evidence in the record indicating it is more likely than not they will be tortured if they return to Pakistan, and they do not challenge the agency's adverse credibility determination, their CAT claim fails.  *See Farah*, 348 F.3d at 1156-57.  Finally, we lack jurisdiction to review petitioners' contention that the IJ improperly analyzed their CAT claim because they failed to raise this issue to the BIA.  *See Barron v. Ashcroft*, 358 F.3d 674, 676-78 (9th Cir. 2004).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**